United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-21011
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

BENNIE RAY ALEXANDER,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-845-1
-------------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Bennie Ray Alexander appeals his sentence imposed following his guilty plea to bank robbery.

Alexander was sentenced to a term of imprisonment of 120 months, to be followed by a three-year

term of supervised release. As a mandatory condition of his supervised release, the district court

required Alexander to cooperate in the collection of a DNA sample from his person if the collection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of such a sample is authorized pursuant to § 3 of the DNA Analysis Backlog Elimination Act ("DNA Act").

Alexander argues that the DNA Act is unconstitutional because Congress did not have the authority to enact it under the Commerce Clause and further argues that the collection of DNA under that act is also a violation of the Fourth Amendment. The Government argues that the court lacks jurisdiction to review Alexander's challenges to the constitutionality of the DNA Act because he is challenging a condition of confinement and not the legality of his conviction and sentence. The Government further contends that the court lacks jurisdiction to consider Alexander's challenge to the application of the DNA Act as a mandatory condition of his supervised release because resolution of that claim would be premature at this time.

In United States v. Carmichael, 343 F.3d 756, 759 (5th Cir. 2003), we concluded that the DNA Act's provision for the Bureau of Prison's (BOP) collection of federal offender's DNA during incarceration is not part of the defendant's sentence, but is rather a prison condition that must be challenged through a separate civil action after exhaustion of civil remedies. Thus, we lack jurisdiction to review Alexander's complaints about the collection of DNA by the BOP because his claim involves a condition of confinement that must be raised in a civil action.

With respect to the challenge to the constitutionality of the DNA Act's provisions for collection of DNA during supervised release, we determined in Carmichael that the claim was not ripe for review because it was a matter of conjecture whether samples would be taken during that time since the BOP would probably have already taken the sample from the appellants. Id. at 761-62. In light of Carmichael, Alexander's complaint relative to the constitutionality of the collection of DNA while he is on supervised release is not ripe for review because it is speculative whether the alleged

violation will ever occur. Thus, we lack jurisdiction to review Alexander's claims that the DNA Act is unconstitutional. The appeal of those claims is DISMISSED for lack of jurisdiction.

Alexander argues that the district court erred in enhancing his offense level by two levels pursuant to U.S.S.G. § 2B3.1(b)(2)(F). There was reliable evidence in the record that Alexander made threatening remarks to the teller that would instill a fear of death in a reasonable person. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996); U.S.S.G. § 2B3.1, comment. (n.6) Because the district court did not clearly err in making the upward adjustment to Alexander's offense level, the sentence imposed is AFFIRMED.       AFFIRMED IN PART; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION.